Filed 4/22/25  P. v. Medina CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NICHOLAS MEDINA,<br><br>Defendant and Appellant. | C100428<br><br>(Super. Ct. Nos. STK-CR-FE-2014-0005271, SF127256A) |

In 2016, a jury found defendant Nicholas Medina guilty of murder by lying in wait, attempted murder, and shooting at an inhabited dwelling.  The jury also found true the special circumstance allegation Medina intentionally committed the murder while lying in wait.  The trial court sentenced Medina to life in prison without the possibility of parole for the murder plus seven years to life for the attempted murder.

1

In 2022, Medina filed a petition under Penal Code section 1172.6 to vacate his murder conviction.[1] The trial court denied his petition, finding Medina was ineligible as a matter of law. On appeal, Medina argues he is eligible for relief because the jury instructions allowed the jury to convict him on a theory under which malice was imputed to him based solely on his participation in a crime. We will affirm.

## BACKGROUND

The information charged Medina with first degree murder, attempted murder, and shooting at an inhabited dwelling. (§§ 187, subd. (a), 664/187, subd (a), 246.) As to the murder, the information alleged the special circumstance allegation Medina committed the murder while lying in wait. (§ 190.2, subd. (a)(15).)

We summarize the relevant details from our prior opinion. (*People v. Medina* (Aug. 22, 2018, C083240) [nonpub. opn.].)[2] Medina and two friends went to the home of J.W. to confront R.T. When they arrived, Medina went up to a gate, pulled at it, and yelled for R.T. to come out and fight him. When R.T. came outside, the two squared up to fight. Then, Medina signaled to another man who was hiding and armed with an assault rifle to come out and shoot R.T. R.T. retreated back into the garage. The man with the rifle shot R.T. hitting and killing D.F.

At trial, the trial court instructed the jury on the subject of aiding and abetting, in relevant part as follows: "A person may be guilty of a crime in two ways: One, he or she may have directly committed the crime. I will call that person the perpetrator; two, he or

---

[1] Undesignated statutory references are to the Penal Code. Medina's petition was filed under former section 1170.95. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) In this opinion, we cite to the current section 1172.6.

[2] We cite our prior appellate opinion only to summarize the background of this case. We do not rely on the facts set forth in the opinion to resolve the issues raised in this appeal. (§ 1172.6, subd. (d)(3).)

2

she may have aided and abetted a perpetrator who directly committed the crime. [¶] A person is guilty of a crime whether he or she committed it personally or aided and abetted the perpetrator. [¶] To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that one: The perpetrator committed the crime; two, the defendant knew that the perpetrator intended to commit the crime; three, before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; and four, the defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime. [¶] Someone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to and does in fact aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime." (CALCRIM Nos. 400, 401.)

As to the elements of murder, and as relevant here, the trial court instructed the jury: "To prove that the defendant is guilty of this crime, the People must prove that: [¶] One, the defendant committed an act that caused the death of another person; [¶] And two, when the defendant acted, he had a state of mind called malice aforethought; [¶] And three, he killed without lawful excuse or justification. [¶] There are two kinds of malice aforethought: Express malice and implied malice. Proof of either is sufficient to establish the state of mind required for murder. [¶] The defendant acted with express malice if he unlawfully intended to kill. [¶] The defendant acted with implied malice if: [¶] One, he intentionally committed an act; [¶] Two, the natural and probable consequences of the act were dangerous to human life; [¶] Three, at the time that he acted, he knew his act was dangerous to human life; [¶] And four, he deliberately acted with conscious disregard for human life. [¶] Malice aforethought does not require hatred or ill will toward the victim. It is a mental state that must be formed before the act that causes death is committed. It does not require deliberation or the passage of any particular period of time. [¶] An act causes death if the death is the direct, natural, and probable consequence of the act and the death would not have happened without the act.

3

A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence. [¶] . . . [¶] If you decide that the defendant committed murder, it is murder of the second degree, unless the People have proved beyond a reasonable doubt that it is murder of the first degree as defined in CALCRIM number 521." (CALCRIM No. 520.)

On the subject of first degree murder, the trial court instructed the jury in part with CALCRIM No. 521 as follows: "The defendant has been prosecuted for first degree murder under two theories: [¶] One, the murder was willful, deliberate, and premeditated; [¶] Two, the murder was committed by lying in wait." That instruction further defined willful, deliberate and premeditated murder and lying-in-wait murder. (CALCRIM No. 521.)

The jury was also instructed with CALCRIM No. 728 regarding the special circumstance allegation of murder committed by means of lying in wait. That instruction told the jury: "To prove that this special circumstance is true, the People must prove that: [¶] The defendant intentionally killed [D.F.] and the defendant committed the murder by means of lying in wait. [¶] A person commits a murder by means of lying in wait if: [¶] One, he or she concealed his purpose from the person killed; [¶] Two, he or she waited and watched for an opportunity to act; [¶] Three, then he or she made a surprise attack on the person from a position of advantage; [¶] And four, he or she intended to kill the person by taking the person by surprise." (CALCRIM No. 728.)

Finally, on attempted murder, the trial court instructed the jury with CALCRIM Nos. 600 and 601, which read in part: "To prove that the defendant is guilty of attempted murder, the People must prove that: [¶] One, the defendant took at least one direct but ineffective step toward killing another person; [¶] And two, the defendant intended to kill that person." (CALCRIM No. 600.)

4

The jury found Medina guilty of first degree murder of D.F. (§ 187, subd. (a)), attempted murder of R.T. (§§ 664/187, subd, (a)), and shooting at an inhabited dwelling (§ 246). The jury also found true the special circumstance allegation that Medina intentionally killed D.F. while lying in wait. (§ 190.2, subd. (a)(15).)

The trial court sentenced Medina to an indeterminate term of life without the possibility of parole for the murder, plus seven years to life for the attempted murder and a concurrent determinate term of five years for shooting at the occupied dwelling, plus two separate one-year terms for firearm enhancements.

In 2022, Medina filed a petition for resentencing under section 1172.6. He checked the boxes that (1) an information was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime and attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder and attempted murder; and (3) he could not presently have been convicted of murder because of changes made to sections 188 and 189 effective January 1, 2019.

The trial court appointed counsel for Medina, received briefs from both parties, and held a hearing. In opposing the petition, the People submitted our prior opinion and quoted the jury instructions given at trial.

The trial court found Medina was ineligible for relief under section 1172.6 because the jury had not been instructed on felony murder or the natural and probable consequences doctrine for either charge. Further, the trial court noted the jury found Medina guilty of murder under a lying-in-wait theory, which under the law that existed then and at the time of the hearing, required the jury to find Medina committed the murder with malice. Because section 1172.6 did not change the law with regards to lying-in-wait murder, the trial court found Medina was unable to demonstrate he could not be convicted of murder given the changes made to sections 188 and 189 and thus was

5

not entitled to relief under section 1172.6. While the trial court mentioned the jury found the lying-in-wait special-circumstance allegation true, it did not analyze the effect of such on Medina's 1172.6 petition in its ruling.

Medina filed a timely notice of appeal.

## DISCUSSION

Medina argues the trial court erred in denying his petition because the record does not conclusively establish as a matter of law that Medina was convicted of murder and attempted murder under a valid theory. He contends the aiding and abetting, malice and lying-in-wait jury instructions left open the possibility for the jury to impute malice on him based solely on his participation in the crime. Medina postulates the jury could have found Medina intended to aid and abet another crime, like assault, and then imputed malice from the shooter to find him guilty of murder. We disagree.

The enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) (Stats. 2018, ch. 1015) altered the substantive law of murder in two areas. First, it narrowed the application of the felony-murder rule. (§ 189, subd. (e).) Second, it imposed a new requirement that, except in cases of felony murder, "a principal in a crime shall act with malice aforethought" to be convicted of murder. (§ 188, subd. (a)(3).) "Malice shall not be imputed to a person based solely on his or her participation in a crime." (*Ibid*.)

With Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill No. 775), the Legislature expanded the scope of Senate Bill No. 1437 to include those convicted of attempted murder and manslaughter. (Stats. 2021, ch. 551, § 2.) Thus, section 1172.6, subdivision (a) currently provides: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition" for recall and resentencing if certain conditions are met. The preconditions are:

6

(1) the charging document allowed prosecutors to "proceed under a theory of felony murder, murder under the natural and probable consequences doctrine[,] or [any] other theory under which malice is imputed to a person based solely on [their] participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) the petitioner was convicted of murder, manslaughter, or attempted murder or accepted a plea in lieu of a trial where the petitioner could have been convicted of murder or attempted murder; and (3) the petitioner could not now be convicted of murder or attempted murder under the current versions of sections 188 and 189.  (§ 1172.6, subd. (a)(1), (2), (3).)

"We review de novo an order denying a section 1172.6 petition at the prima facie review stage." (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)

Section 1172.6 requires the trial court to make a prima facie determination as to whether the defendant is eligible for relief.  (§ 1172.6, subd. (c).)  At the prima facie stage, the court may consider the petition and "the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis* (2021) 11 Cal.5th 952, 970.)  The threshold for such a showing is very low, so in reviewing the record of conviction and any appellate opinions, the trial court should take the petition's allegations as true and refrain from engaging in factfinding, weighing evidence, or exercising discretion.  (*Id.* at pp. 971-972.)  The "authority to make determinations without conducting an evidentiary hearing pursuant to section [1172.6], subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, disapproved on other grounds in *Lewis*, at p. 963.)

Medina concedes his jury was not instructed on either the natural and probable consequences doctrine or the felony-murder rule.  But, Medina argues that based on

*People v. Maldonado* (2023) 87 Cal.App.5th 1257 (*Maldonado*), the record of conviction does not establish he is ineligible for relief as a matter of law. He contends that the instructions given permitted the jury to find him guilty of lying-in-wait murder by imputing malice upon him based solely on his participation in a crime.

In *Maldonado*, the trial court instructed the jury on two theories of murder: the murder was willful, deliberate, and premeditated; and the murder was committed by lying in wait. (*Maldonado*, *supra*, 87 Cal.App.5th at p. 1260.) The trial court also instructed the jury on the theory of direct aiding and abetting. (*Ibid.*) The jury found the defendant guilty of first degree murder but found the lying-in-wait special-circumstance allegation not true. (*Ibid.*) After the trial court denied the defendant's petition for relief under section 1172.6 at the prima facie stage, the Court of Appeal reversed. (*Maldonado*, at p. 1259.) The appellate court concluded—based on the combination of the standard CALCRIM instructions given at trial on aiding and abetting (CALCRIM No. 401), implied malice (CALCRIM No. 520), and lying-in-wait murder (CALCRIM No. 521)— the jury instructions were ambiguous and permitted a conviction of murder based on a theory of imputed malice. (*Maldonado*, at pp. 1264-1267.) First, the appellate court concluded the conviction under a lying-in-wait theory did not require the jury to find the defendant acted with the intent to kill. (*Id.* at pp. 1262-1263.) Further, under the aiding and abetting theory, the instructions only required that the defendant had to intend "to encourage the perpetrator's intentional act—in this case, punching [the victim]—whether or not [the defendant] intended to aid or encourage [the victim's] killing, and whether or not he personally knew of and disregarded the risk of such a killing." (*Id.* at p. 1266.) Although the *Maldonado* court acknowledged that "the jury was not required to construe the instructions in this manner," the appellate court concluded the defendant was eligible for relief because the jury could reasonably have come to this conclusion based on the record. (*Id.* at p. 1266, italics omitted; see *id*. at pp. 1266-1267.)

8

The People argue we should follow *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, which came to an opposite conclusion than *Maldonado* on the question of lying-in-wait murder and aiding and abetting. We need not wade into this thicket as the jury in the instant case found the lying-in-wait special-circumstance allegation to be true, while the jury in *Maldonado* found that allegation to be untrue and no special circumstance is noted in *Berry-Vierwinden*. Here, the trial court instructed the jury it could not find Medina guilty of the special circumstance for lying-in-wait murder unless it found Medina "intended to kill the person taken by surprise." The jury found this allegation true. Thus, this record of conviction conclusively demonstrates the jury found Medina was a direct aider and abettor who had the intent to kill the victim and aided and abetted the murder of D.F. and attempted murder of R.T. He is, therefore, not eligible for relief under section 1172.6 as a matter of law. (*People v. Estrada* (2022) 77 Cal.App.5th 941, 945.) Although the trial court did not analyze the case through this lens, we affirm the trial court's ruling as we review results, not the trial court's reasoning. (See *People v. Zapien* (1993) 4 Cal.4th 929, 976.)

We turn briefly to Medina's attempted murder conviction as Medina mentions it only in passing in his briefing. Section 1172.6 allows for attempted murder convictions to be challenged only when the conviction is or may be based upon the natural and probable consequences doctrine. (§ 1172.6, subd. (a)(1); *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) In *Coley*, as here, "[t]he jurors . . . were not instructed on that doctrine." (*Coley*, at p. 548.) The fact that this instruction was never given to this jury is fatal to this claim of error.

## DISPOSITION

The order denying Medina's petition under section 1172.6 is affirmed.


                                        /s/
                                  EARL, P. J.


We concur:


    /s/
DUARTE, J.


    /s/
RENNER, J.